UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
JAN -4 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) ) No. |
| v. | ) ) |
| TONY PEDRETTI and, DAVID GRAHAM, | ) 4:17CR004 AGF/NCC ) ) |
| Defendant. | |

**SUPPRESSED INDICTMENT**

**COUNT I**

*Introduction*

1. At all relevant times, the John Cochran St. Louis VA Medical Center (the "facility") was a health care facility located in the City of St. Louis, Missouri. The facility provides health care services to veterans and other beneficiaries through the United States Department of Veterans Affairs.

2. At all relevant times, the HVAC shop was a department of the facility and had responsibility for maintenance of HVAC systems at the facility.

3. At all relevant times, Defendant Tony Pedretti was the HVAC shop foreman at the facility.

4. From on or about April 1, 2014 continuing through on or about April 30, 2015, Defendant David Graham was an outside contractor doing business with the United States at the facility. Between April 1, 2014 and April 30, 2015, Defendant David Graham earned $125,549.16 contracting at the facility.

5. Between on or about October 19, 2012 and April 9, 2015, Scott Geary worked as an outside contractor and an employee for the United States Department of Veterans Affairs (VA). During that time, Geary worked with his co-conspirators Tony Pedretti and David Graham. Defendant Graham is Geary's stepson.

*The Conspiracy*

6. It was the object of the conspiracy for Defendant Pedretti and Geary to trade on their ability to

bind the VA to contracts without supervisory approval via a government credit card for matters of less than $2,500.

7. It was a manner and means of the conspiracy for Defendant Pedretti to engage in numerous contracts for work at the facility for amounts just under his $2,500 sole contracting authority limit.

8. It was a manner and means of the conspiracy that Geary and Defendant Graham, while acting as the outside VA contractor, to kick back a portion of their contracts. While Geary was the outside contractor, he kicked money back to Defendant Pedretti. While Defendant Graham was the outside contractor, he kicked money back to Defendant Pedretti and Geary.

9. It was a manner and means of the conspiracy that Defendant Pedretti assisted Geary in obtaining a job at the facility.

10. It was a manner and means of the conspiracy that Geary recruited Defendant Graham to step into his shoes as the outside contractor in the scheme and assisted Defendant Graham, who had no significant training or work history at the time, in setting up a business entity and becoming a certified federal contractor.

11. In all, Defendants and their co-conspirators and business entities they controlled billed the VA during the existence of the conspiracy for approximately $270,000 in unnecessary work. All of this money constituted funds of the United States government at the time they were obligated and paid out.

12. During the existence of the conspiracy and in furtherance and execution of the same, numerous overt acts were perpetrated by members of the conspiracy. For example, on or about October 1, 2013, Defendant Pedretti transmitted two purchase orders for work at the facility for separate items of clean-up work in the amounts of $2,490.50 and $2,478.00 respectively which work was awarded to Geary consistent with the scheme described above. Later that month, Geary paid Defendant Pedretti a regular cash kick back.

13. By further example, on or about July 2, 2014, Defendant Pedretti transmitted two purchase

orders for work at the facility in the amounts of $2,460.50 and $2,480.12 respectively which work was awarded to Defendant Graham consistent with the scheme described above. Later than month, Defendant Graham paid Geary and Defendant Pedretti a regular cash kick back.

*Offense Conduct*

14. Between on or about October 19, 2012 and continuing through on or about April 9, 2015, in St. Louis within the Eastern District of Missouri and elsewhere,

**TONY PEDRETTI and
DAVID GRAHAM,**

the Defendants herein, did conspire, combine, confederate and agree with others to commit an offense against the United States, to wit: theft of government funds and mail fraud, by means of a false billing scheme seeking money and other valuable consideration from the United States Department of Veterans Affairs.

In violation of Title 18, United States Code Section 371.

**COUNT II**

15. The allegations contained in paragraphs 1 through 14 are hereby realleged and incorporated by reference.

16. Between on or about April 1, 2014 and April 30, 2015, the Defendant

**DAVID GRAHAM,**

in consideration for not informing on the foregoing conspiracy, did receive money and other valuable things, to wit: more than $125,000 in government contracts.

In violation of Title 18, United States Code Section 873.

**FORFEITURE ALLEGATION**

The Grand Jury further finds by probable cause that:

1.      Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 371 as set forth in Count 1, the defendant(s) shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds

traceable to such violation(s).

   2.  Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation(s).

   3.  If any of the property described above, as a result of any act or omission of the defendant(s):

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third party;

   c.  has been placed beyond the jurisdiction of the court;

   d.  has been substantially diminished in value; or

   e.  has been commingled with other property which cannot be divided without difficulty, the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

_____
FOREPERSON

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

_____
Thomas C. Albus, #46224MO
Assistant United States Attorney